IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-HC-2094-D

**Mohammed Nasser Jilani**,

         Petitioner,

v.

**State of North Carolina**,

         Respondent.

**Memorandum & Recommendation**

Petitioner Muhammed Nasser Jilani is awaiting trial on numerous drug, property, and firearm charges brought against him by a Wake County grand jury. He seeks a writ of habeas corpus from this court pursuant to 28 U.S.C. § 2241 ordering his release from custody due to what he believes are a series of legal, factual, and constitutional infirmities related to his prosecution. Pursuant to the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), the court should decline to hear Jilani's Application at this point in time and it should be dismissed without prejudice.

I.    **Background**

On May 11, 2015, the Clerk of Court received a filing from Jilani raising a number of issues related to the indictments brought against him by the grand jury and his subsequent arrest. D.E. 1. The Court sent Jilani a Notice of Deficiency indicating that he failed to sign his submission and failed to pay the required $5.00 filing fee. D.E. 3.

In response to the Notice of Deficiency, Jilani submitted another document to the court, which was received on June 16, 2015, that restated his concerns over alleged violations of his constitutional rights occurring in the ongoing state court proceedings. D.E. 6. However, this submission did not specifically identify the party who should be listed as the respondent. D.E. 6,

7. In order to correct this deficiency, the Court ordered Jilani to notify the court of the identity of the individual or entity he sought to name as the respondent. D.E. 7.

In response to the Court's order, Jilani submitted a document entitled Application for Writ of Habeas Corpus that named Wake County Sheriff Donnie Harrison as the respondent. D.E. 8. The Application focuses on Jilani's allegation that his court-appointed attorney provided ineffective assistance of counsel. *Id. passim*. His primary complaint is that his attorney did not pursue a preliminary hearing that would have allowed Jilani to challenge whether there was probable cause to support his arrest. *Id.* at 2. According to Jilani, the failure to hold a preliminary hearing deprived him of the ability to impeach the State's witnesses and obtain information to support his defense. *Id.* He also claims that his attorney failed to properly investigate possible defenses to the charges against him. *Id.* As of May 25, 2015, Jilani is no longer represented by attorney originally appointed by the court.[1] *Id.*

As a result of the alleged ineffective assistance of counsel, Jilani claims that his ability to prepare an adequate defense has been irreparably prejudiced. *Id.* Jilani claims that he is entitled to an order from this court requiring the State of North Carolina to dismiss the charges against him because of the violations of his constitutional rights resulting from his court-appointed attorney's performance. *Id.* at 4.

**II. Analysis**

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court explained that federal courts should not involve themselves in ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). In the absence of such circumstances, a court should decline to exercise jurisdiction over the

---

[1] It is unclear from the filings if Jilani has been appointed another attorney or if he is proceeding pro se in state court.

case. *Younger*, 401 U.S. at 43–44. The decision of whether to abstain from resolving a particular dispute depends on whether the following elements are present: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings. *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994).

Here, all three factors are satisfied. Jilani's pleadings demonstrate that there are ongoing criminal proceedings against him in North Carolina's courts. D.E. 1, 6, 8. The second criterion The Supreme Court has explained that the second factor is satisfied by "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, with respect to the third factor, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a 'fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Jilani's Application demonstrates that the state courts provide him with a sufficient means to challenge the alleged constitutional violations because he claims that some of the charges against him were dismissed due to ineffective assistance of counsel. D.E. 8 at 3. Therefore, the court should abstain from addressing the issues raised in his Application and it should be dismissed without prejudice.

Although the undersigned is recommending dismissal of Jilani's Application on procedural grounds, it is worth noting that the Supreme Court of North Carolina has previously held that North Carolina law "requires a probable cause hearing only in those situations in which no indictment has been returned by a grand jury." *State v. Lester*, 294 N.C. 220, 224, 240 S.E.2d 391, 395-96 (1978). This is because the purpose of the grand jury is to determine whether

probable cause exists to believe that the defendant committed a criminal offense. *See* N.C. Gen. Stat. § 15A-628(a)(1); *State v. Hudson*, 295 N.C. 472, 430–31, 245 S.E.2d 686, 691 (1978).

## III. Conclusion

Due to the pending state criminal charges against him, North Carolina's interest in being free from federal interference in the administration of its criminal justice system, and the availability of adequate opportunities for Jilani to address his concerns in the state court system, the court should abstain from addressing his claims at this time. Therefore, the undersigned recommends that the district court dismiss his Application without prejudice.

The court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure**

**to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: October 30, 2015

_____
Robert T. Numbers, II
United States Magistrate Judge