IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2094-D

| | |
|---|---|
| MOHAMMED NASSER JILANI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |

On October 30, 2015, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") recommending that the court dismiss without prejudice Mohammed Nasser Jilani's ("Jilani" or "petitioner") pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. See [D.E. 9]. In his petition, Jilani asks this court to dismiss the ongoing criminal case against him in North Carolina Superior Court. See [D.E. 8]. On November 10, 2015, Jilani objected to the M&R [D.E. 10] and on November 12, 2015, supplemented his objections [D.E. 11]. On January 4, 2016, Jilani filed an "Attachment to Habeas Corpus" in which he informed the court about developments in his criminal case [D.E. 14]. As explained below, the court dismisses Jilani's habeas petition without prejudice.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely

objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and the pleadings. Jilani is a pre-trial detainee indicted in North Carolina Superior Court on various criminal charges. See [D.E. 10-1] 1. Pursuant to 28 U.S.C. § 2241, Jilani seeks a writ of habeas corpus from this court dismissing all criminal charges against him in state court because Jilani's court-appointed attorney was constitutionally ineffective by failing to seek a preliminary hearing before Jilani's indictment. See [D.E. 8, 10, 11, 14]. Jilani apparently terminated that attorney-client relationship after his indictment and is now proceeding pro se in his criminal case. See [D.E. 11, 14]; cf. Faretta v. California, 422 U.S. 806, 818–36 (1975).

Judge Numbers recommended dismissing Jilani's petition without prejudice under Younger v. Harris, 401 U.S. 37 (1971). See [D.E. 9]; see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165–66 (4th Cir. 2008); Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006); Gilliam v. Foster, 75 F.3d 881, 903–05 (4th Cir. 1996) (en banc); Gilbert v. N.C. State Bar, 660 F. Supp. 2d 636, 643–45 (E.D.N.C. 2009). Under Younger, a federal court must abstain from interfering in state proceedings, even if jurisdiction exits, if the following three factors are present: "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." Nivens, 444 F.3d at 241. However, three exceptions to Younger abstention can apply: (1) "there is a showing of bad faith or harassment by state officials responsible for the prosecution"; (2) "the state law to be applied in the criminal proceeding is flagrantly and

2

patently violative of express constitutional prohibitions"; or (3) "there exist other extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment." Kugler v. Helfant, 421 U.S. 117, 124 (1975) (quotations omitted); see Nivens, 444 F.3d at 241.

The court has jurisdiction to consider Jilani's petition. See, e.g., Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–90 (1973). Nonetheless, Younger requires abstention, and Jilani has not plausibly alleged that any of Younger's three exceptions apply. Compare [D.E. 8, 10, 11, 14] with Nivens, 444 F.3d at 241. Accordingly, Jilani must raise his constitutional objections in his state-court criminal case.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 9] and DISMISSES WITHOUT PREJUDICE Jilani's petition [D.E. 8]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 3 day of February 2016.

JAMES C. DEVER III
Chief United States District Judge